IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01147-BNB

GERALD DAVID BROWN,

    Plaintiff,

v.

BOP-BUREAU OF PRISONS,
USP-UNITED STATES PENITENTIARY-HAZLETON,
MR. JOE DRIVER,
MS. CHURCH,
MR. BESS,
MR. STEVER,
MS. LOHR,
USP-UNITED STATES PENITENTIARY-FLORENCE,
SARA REVELL,
MR. POLLEN,
MS. HIEM,
MS. WILNER,
MR. MILLER,
MR. SAMS, and
MS. HEUETT,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 18 2008

GREGORY C. LANGHAM
                  CLERK

## ORDER DISMISSING CASE

Plaintiff Gerald D. Brown, a federal prisoner housed in the State of Colorado, initiated this action by filing a Prisoner Complaint. On August 4, 2008, Magistrate Judge Boyd N. Boland granted Mr. Brown leave to proceed pursuant to 28 U.S.C. § 1915 and instructed him either to pay a $3.00 initial partial filing or in the alternative to show cause why he has not assets and no means to pay the designated fee. As opposed to complying with the August 4, 2008, Order, Plaintiff filed a Letter with the Court stating he was not able to pay the $3.00 fee because prison staff would not

process his request for the $3.00 payment. In response to Plaintiff's Letter, Magistrate Judge Boland, on August 18, 2008, entered an order instructing Mr. Brown to provide to the Court a verified statement by a prison staff member stating that he or she is not able to process Mr. Brown's request for the $3.00 payment.

As opposed to complying with Magistrate Judge Boland's order, Mr. Brown, on September 15, 2008, filed another Letter with the Court requesting that the Court put an immediate stop to this case. He further asserts that his "lawsuit will be applied elsewhere with the help of a federal representative."

The Court must construe liberally the September 15, 2008, Letter because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Rule 41(a)(1)(A) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or of a motion for summary judgment . . . ." No answer has been filed by Defendants in this action. Further, a voluntary dismissal under Rule 41(a)(1)(A)(i) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).

The Court, therefore, will construe the Letter as a Notice of Dismissal filed pursuant to Rule 41(a)(1)(A)(i). The file will be closed as of September 15, 2008, the date the Notice was filed with the Court. *See Hyde Constr. Co.*, 388 F.2d at 507. Accordingly, it is

ORDERED that the Letter, (Doc. No. 17), is construed as a Notice of Dismissal filed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and is effective as of September 15, 2008, the date Plaintiff filed the Notice in this action.

DATED at Denver, Colorado, this 17 day of Sept, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01147-BNB

Gerald D. Brown
Reg. No. 06859-003
USP - Florence
PO Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/18/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk